**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERALD RONALD WRIGHT,

      Petitioner-Appellant,

v.

WAYNE SMITH,

      Respondent-Appellee.

No. 98-6324
(D.C. 98-CV-707)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Wright, a state prisoner appearing pro se, has filed a Notice of Appeal which is construed as a request for a 28 U.S.C. § 2253 Certificate of Appealability to appeal the district court's denial of federal habeas relief. The district court dismissed Mr. Wright's petition as untimely filed under the one-year limitation period contained in 28 U.S.C. § 2244(d)(1). He alleges on appeal that the one-year limitation should be equitably tolled as it was caused by state action depriving him access to legal materials. We deny the Certificate of Appealability and dismiss the appeal for substantially the same reasons advanced by the court in its order dated July 16, 1998.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Wright has made no such showing here. First, Mr. Wright's petition is untimely. Under 28 U.S.C. § 2241(d), Mr. Wright had one year to apply for habeas corpus relief. He applied approximately thirteen months after his conviction became final, exceeding the limitation period. Mr. Wright did file for state post-conviction proceedings, which does toll the period. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). But, as the magistrate found, any tolling resulting from post-conviction proceedings still would not prevent the petition from being untimely. Rec. doc. 3, at 5.

Second, the fact that Mr. Wright did not have access to a legal library

2

during the year is not sufficient, by itself, to equitably toll the period. "The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, . . . but requires inmates to diligently pursue claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (citations omitted). Mr. Wright gives no details of efforts he made to timely file. He describes none of the severe circumstances that might warrant equitable tolling, e.g., "that a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent." Id. Mr. Wright has failed to allege constitutional violations that might have resulted in a wrongful conviction. "It is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." Id. We therefore agree with the district court that Mr. Wright's petition was untimely filed and we DENY the petition for a Certificate of Appealability and DISMISS the appeal.

Entered for the Court


Robert H. Henry
Circuit Judge


3